(February 28, 1913.)

## A. H. SIMMONS, Appellant, v. CHARLES C. SIMMONS, Respondent.

[130 Pac. 784.]

TAXING OF COSTS.

> 1. Record examined in this case, and *held* that the costs in the lower court should have been divided between the parties and taxed equally against each of the parties to the action.

APPEAL from the District Court of the Ninth Judicial District for Fremont County. Hon. James G. Gwinn, Judge.

Action in replevin. Judgment for plaintiff, conditioned on the payment of a certain lien adjudged to exist against the property. Plaintiff appealed. *Modified* and *affirmed*.

A. S. Dickinson, for Appellant.

The plaintiff, by reason of the defendant's claim of ownership, was compelled to go into court to establish his title to the property and his right to its possession. This he did establish and procured the relief sought in his complaint, and as a matter of law was entitled to all of his costs. (Rev. Codes 4901, subd. 2; *Lovel v. Joyce,* 9 Ida. 386, 74 Pac. 1073; *Campbell v. First National Bank of Rexburg,* 13 Ida. 95, 88 Pac. 639; *Freed Furniture & Carpet Co. v. Sorensen,* 28 Utah, 419, 107 Am. St. 742, 3 Ann. Cas. 634, 79 Pac. 564.)

Soule & Soule, for Respondent, cite no authorities on point decided.

AILSHIE, C. J.—This case presents a rather novel situation. The plaintiff commenced his action in the probate court of Fremont county in claim and delivery. Plaintiff alleged ownership and right of possession. Defendant answered, denying the allegations of the complaint, and alleged that

he was the owner of the property and entitled to the possession thereof. He further alleged that during his ownership of the animals he had cared for the animals, fed them, and made certain expenditures on account thereof, amounting to the aggregate sum of $221, and closed with the prayer that if the court should find and determine that the defendant was not the owner of and entitled to the possession of the animals, he be allowed to have the said amount "declared to be a first lien on the said animals to secure the payment of the same." The probate court entered a judgment in favor of the plaintiff for the possession of the animals and for his costs in the sum of $28.95, "and that he pay the defendant the sum of $55." The defendant appealed to the district court, where the case was again tried, and a jury found for the plaintiff for the recovery of the property mentioned in the complaint, and that the plaintiff pay the defendant the sum of $140. Each party thereupon filed a cost bill, claiming his costs, and the court finally denied the plaintiff's application for his costs and allowed the defendant to recover costs. The plaintiff thereupon appealed to this court from an order denying a motion for a new trial and from the order of the court in sustaining the objection of the defendant to certain portions of plaintiff's notice of motion for a new trial and from the order of the court in sustaining the defendant's motion to strike the reporter's transcript from the files.

The proceedings throughout this case seem to have been irregular and informal. We are unable to find any reason or excuse for the court striking the reporter's transcript from the files. In view, however, of the fact that this case seems to have been transformed from an action in replevin to a suit in equity to determine the respective rights of the parties, and there being no controversy in this court over the judgment on the merits as between the parties, allowing the one to have the property and the other compensation for his services as rendered in feeding and keeping the animals, we have decided to affirm the judgment except as to costs.

In the matter of costs, it seems to us clearly inequitable and unjust to compel the plaintiff to pay his own costs and

tax up the costs of the defendant against him also, where the court and jury have all found that he is the owner of the property and that the defendant has no title to the property. The defendant has denied at all times the plaintiff's ownership and right of possession and alleged that he was the owner himself. It was necessary, therefore, for the plaintiff to establish his ownership before the defendant could establish an agister's lien. We are satisfied that justice in this case would demand that the whole costs of the case be equally divided between the parties.

The cause will therefore be remanded, with direction to the trial court to ascertain the costs incurred by each party that would be chargeable and taxable under the law, and to divide the total legal costs incurred by both parties equally between the plaintiff and defendant and tax the same accordingly. The costs of this appeal will be taxed equally against the appellant and respondent.

Sullivan and Stewart, JJ., concur.